IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-cr-00568-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. JOSE GUTIERREZ-GUTIERREZ,
   A/K/A ERNESTO GONZALEZ-GUTIERREZ

       Defendant.

_____

**DEFENDANT'S MOTION FOR VARIANT SENTENCE
PURSUANT TO 18 U.S.C. § 3553**

_____

COMES NOW, the Defendant, Jose Gutierrez-Gutierrez ("Mr. Gutierrez-Gutierrez"), by and through counsel, Matthew C. Golla, Assistant Federal Public Defender, and hereby requests that the Court impose a variant sentence of time served (7 months and 6 days) with no supervised release to follow.[1] In support thereof, Mr. Gutierrez-Gutierrez would show as follows:

### I.    **Personal History & Characteristics of Mr. Gutierrez-Gutierrez: [18 U.S.C. § 3553(a)(1)]**

When examining Mr. Gutierrez-Gutierrez's criminal history, it is apparent that Mr. Gutierrez-Gutierrez had problems with the criminal justice system during his younger years. His robbery conviction and possession of a firearm conviction occurred almost

---

[1] In exchange for Mr. Gutierrez-Gutierrez's plea of guilty and waiver of his appellate rights, the Government does not object to a one offense level reduction. If granted, Mr. Gutierrez-Gutierrez's advisory guideline range will be 8 to 14 months.

twenty years ago in Houston, Texas. *See* PSI at ¶¶'s 53-54. In fact, Mr. Gutierrez-Gutierrez's last non-immigration related felony offense occurred in 2005 for possession of less than one gram of crack cocaine. *See* PSI at ¶59.

Since that time, he has been convicted of two misdemenors for reckless driving 2006) and driving while intoxicated in 2009, for which he served sentences of 20 days and 12 months respectively. Id. at ¶'s 60-61.

Prior to his arrest in this case, Mr. Gutierrez-Gutierrez made a good living as a plumber, earning approximately $3000 per month. When he was younger, Mr. Gutierrez-Gutierrez worked as in construction both in the United States and in Mexico.

Unfortunately, for Mr. Gutierrez-Gutierrez, he realizes that he has no future left in the United States. His wife and son have recently relocated to Houston, Texas. However, they are waiting for Mr. Gutierrez-Gutierrez to be deported back to Mexico so they can join him there. Once in Mexico, Mr. Gutierrez-Gutierrez plans on obtaining a job as a plumber in Guanajuato, Mexico.

Despite having seven prior removals from the United States, Mr. Gutierrez-Gutierrez at this stage of his life, is not a danger to society. His health has been poor as of late. Stomach pain and blood in his stools are a frequent reminder that his health has deteriorated.[2] All he really wants to do is obtain proper medical attention, which apparently hasn't been the case during his stay at the Federal Detention Center.

---

[2] Counsel has sent a letter to the Federal Detention Center requesting a colonoscopy for Mr. Gutierrez-Gutierrez. *See* Attachment 1.

## II. Nature & Circumstances of the Instant Offense: [18 U.S.C. § 3553(a)(1)]

Mr. Gutierrez-Gutierrez was found to have illegally entered the United States. Although Mr. Gutierrez-Gutierrez has been deported many times in the past, the instant offense is a non-violent offense that does not involve any aggravating factors.

In this case, the thrust of Mr. Gutierrez-Gutierrez's criminal conduct is his coming back into the United States without permission after being deported. The criminal intent required of this crime is that of simply, knowingly, crossing the border from Mexico into the United States.

Mr. Gutierrez-Gutierrez has been in continuous federal custody since December 12, 2018, which is the date that he was arrested for the instant offense. At the time of his sentencing, Mr. Gutierrez-Gutierrez will have been in custody for 216 days (7 months and 6 days).

A sentence of time served will be only a month less than the bottom of the advisory guideline range he faces if the Court grants the government's one offense level departure pursuant to U.S.S.G. § 5k3.1 of the Early Disposition Program.

WHEREFORE, Mr. Gutierrez-Gutierrez would request that the Court impose a sentence of time served (216 days) with no supervised release to follow. Such a sentence would be sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Matthew C. Golla*
MATTHEW C. GOLLA
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Matt_Golla@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019, I electronically filed the foregoing

**DEFENDANT'S MOTION FOR VARIANT SENTENCE
PURSUANT TO 18 U.S.C. §3553**

with the Clerk of Court using the CM/ECF system and I hereby certify that I have served the document or paper to the following participant in the manner (email, mail, hand-delivery, etc.) indicated by the participant's name

    Rajiv Mohan, Assistant United States Attorney
    E-mail:  rajiv.mohan@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Jose Gutierrez-Gutierrez   (via *U.S. Mail*)

    s/ Matthew C. Golla
    Matthew C. Golla
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Matt_Golla@fd.org
    Attorney for Defendant